# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
  **Plaintiff,**

 v.              Case No. 98-CR-60

**KEITH ROBINSON**
  **Defendant.**

## DECISION AND ORDER

Defendant Keith Robinson seeks a sentence reduction under the First Step Act. For the reasons that follow, I find defendant eligible for relief. I will, however, hold a hearing before determining the extent of any reduction.

## I. BACKGROUND

On September 30, 1998, a jury convicted defendant of conspiracy to distribute in excess of 50 grams of crack cocaine (count one), engaging in a continuing criminal enterprise (count two), three counts of possession with intent to distribute in excess of 50 grams of crack cocaine (counts three, four, and five), one count of possession with intent to distribute cocaine (count six), use of a telephone to facilitate drug distribution (count seven), three counts of money laundering (counts eight, nine, and ten), making false statements in the acquisition of a firearm (count eleven), and interstate travel in aid of racketeering (count twelve).

The pre-sentence report ("PSR") set the relevant conduct at 1.5 kilograms of crack cocaine on the drug trafficking counts, producing a base offense level of 38, then added 2 levels for firearm possession and 4 levels for role in the offense, for an adjusted level of 44. The PSR further determined that defendant qualified as a career offender on the drug

trafficking counts based on prior convictions for attempted murder and sale of narcotics, although the offense level calculated under chapter 2 was higher and thus controlled. Offense level 44 and criminal history category VI produced a guideline range of life. Finally, the report indicated that the CCE count carried a mandatory life sentence.[1]

At the sentencing hearing on January 26, 1999, Judge Curran found the amount of crack cocaine involved in the CCE offense, which he set at 10 kilograms, sufficient to trigger the mandatory life sentence on that count under 21 U.S.C. § 848(b). He then sentence defendant to life on counts two through five,[2] imposing the statutory maxima on the other counts (240 months on count six, 48 months on count seven, 240 months on counts eight-ten, 120 months on count eleven, and 60 months on count twelve).

The Seventh Circuit affirmed defendant's convictions and sentence on direct appeal. United States v. Hardin, 209 F.3d 652 (7th Cir. 2000). The Supreme Court vacated and remanded for further consideration in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Robinson v. United States, 531 U.S. 1135 (2001), but on remand the Seventh Circuit again affirmed, finding that the facts triggering an enhanced mandatory minimum sentence under 21 U.S.C. § 848(b) could found by the court, United States v. Robinson, 39 Fed. Appx. 386, 387-88 (7th Cir. 2002) (citing United States v. Smith, 223 F.3d 554 (7th Cir. 2000)).

---

[1]A CCE conviction ordinarily carries a statutory penalty range of 20 years to life in prison. 21 U.S.C. § 848(a). However, the statute calls for a life sentence if the defendant was the principal administrator of the enterprise and the violation involved more than 300 times the quantity described in § 841(b)(1)(B). At the time defendant was sentenced, the § 841(b)(1)(B) penalty was triggered by 5 grams of crack; thus, 1500 grams was then needed to trigger a life sentence. Defendant faced statutory penalties of 10 years to life on counts one, three, four, and five.

[2]The government dismissed count one pursuant to Rutledge v. United States, 517 U.S. 292 (1996).

2

On September 17, 2003, defendant filed a motion to vacate under 28 U.S.C. § 2255, which Judge Curran denied on May 31, 2006. On March 6, 2007, the Seventh Circuit denied a certificate of appealability. On June 20, 2014, defendant filed another § 2255 motion, seeking to raise a claim under Alleyne v. United States, 133 S. Ct. 2151 (2013), but I dismissed that motion on July 9, 2014, as he had not obtained permission from the court of appeals for a successive collateral attack.

On July 27, 2016, the Seventh Circuit granted defendant permission to file a successive § 2255 motion challenging the career offender designation in light of Johnson v. United States, 135 S. Ct. 2551 (2015). In his filings in that case, defendant acknowledged that even if the court were to grant him relief on his Johnson claim, he remained subject to a life sentence on the CCE count. Nevertheless, he indicated that "there is some chance, even if it's not a high probability, that an opportunity for early release on his CCE count will emerge in his lifetime." (Case No. 16-C-999, R. 18 at 4.) That § 2255 action remains pending in this court.

## II. DISCUSSION

As is pertinent here, the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, permits the district court to impose a reduced sentence in certain crack cocaine cases:

Application of Fair Sentencing Act

(a) Definition of covered offense. In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010.

(b) Defendants previously sentenced. A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010

3

> (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> (c) Limitations. No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

Id. § 404.

The Fair Sentencing Act modified the disparate treatment of crack and powder cocaine in 21 U.S.C. § 841(b)(1). Specifically, it increased the amount of crack cocaine needed to trigger the 5 to 40 year imprisonment range from 5 grams to 28 grams, and the amount needed to trigger the 10 years to life range from 50 grams to 280 grams. See 21 U.S.C. §§ 841(b)(1)(A), (b)(1)(B).

Defendant is eligible for a sentence reduction on counts two through five, as these are "covered offenses," i.e., violations of a federal criminal statute, the statutory penalties for which were modified by the Fair Sentencing Act, committed prior to August 3, 2010. As to counts three, four, and five, the 10 years to life statutory range is now triggered by 280 grams rather than 50, and on the CCE count (count two), a life sentence now requires 8.4 kilograms of crack (28x300) rather than 1.5 kilograms (5x300). Defendant committed these offenses between 1995 and 1998. He has not previously been sentenced or re-sentenced under the Fair Sentencing Act. And this is his first request for relief under the First Step Act evaluated on the merits. He is therefore eligible for a reduction.

The government argues that defendant remains subject to life in prison on the CCE count based on Judge Curran's finding of 10 kilograms at the original sentencing. However, as the government acknowledges, I have previously rejected the argument that

4

eligibility should be based on the drug weight set forth in the PSR or otherwise attributable to the defendant by judicial finding. United States v. Sallis, No. 98-CR-60, slip op. at 6 (E.D. Wis. Sept. 17, 2019). The government indicates that, should I adhere to that holding here, defendant would be eligible for a reduction, with a statutory penalty range of 20 years to life on the CCE count. In light of my previous ruling, the government does not offer any further argument in favor of denying a reduction, either based on eligibility or discretion, on the remaining drug counts. For the reasons stated, I find defendant eligible.

The government does contend that I should deny the request for a hearing. While it is unnecessary to determine in this case whether hearings are required whenever an eligible defendant asks for one, a hearing does seem warranted here. The record is insufficiently developed for me to exercise sentencing discretion, and argument from counsel and allocution from defendant would be helpful.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 601) is granted. I will by separate order set a schedule for the submission of sentencing memoranda or other materials and for a hearing at which defendant will be produced. As defendant acknowledges, his pending § 2255 action is rendered moot based on the grant of relief on this motion. I will therefore administratively close that case.

Dated at Milwaukee, Wisconsin, this 27th day of September, 2019.

s/ Lynn Adelman
LYNN ADELMAN
District Judge

5